MALLORY, The ELIZA. See Case No. 4,365.

## Case No. 8,994.

### MALONE v. BELL et al.

[1 Pet. Adm. 139.] [1]

District Court, D. Pennsylvania. 1805.

SEAMEN—WAGES — PROOF OF BEING ON BOARD— LOG BOOK—LEFT SICK IN FOREIGN PORT.

1. A seaman left sick in a foreign port, and ordered to stay until the ship returned; but left the port. Ship returned and found he had sailed in another vessel. [In a libel for wages it was held that the] ship's articles [were] prima facie, evidence of the seaman having been on board.

2. By the act of congress [of 1790 (1 Stat. 133)] the log-book entry is made proof of the time of entry on board, &c. Misnomer in the entry in log-book.

3. Receiving a seaman on board after he has neglected to render himself at the time appointed, does not remit the penalty.

4. In cases of desertion the entry on the log-book is necessary, but not incontrovertible.

[Cited in Douglass v. Eyre, Case No. 4,032; The Martha, Id. 9,144; Knagg v. Goldsmith, Id. 7,872; The Sarah Jane, Id. 12,348.]

5. Captain [was made] a party in the libel, but no process [issued] against him. Offered as a witness, and refused.

[Questioned in The Trial, Case No. 14,170. Cited in The William Harris, Id. 17,695; The Fortitude, Id. 4,953.]

This case was heard on a libel [by Andrew Malone against William Bell, owner, and John Daly, master of the brig Mary] for wages during a voyage. The seaman was left, in the Havanna, sick in a hospital, where he was ordered, as the respondent alleged, to stay until the return of the brig Mary from a short voyage, to that port, where she intended to obtain part of her home cargo. The sailor did not stay; but came home in the brig Smilax, which sailed for Philadelphia, previous to the return of the Mary to the Havanna. He claimed wages for the voyage.

In this case several points arose.

1. It was insisted by the respondent that the articles which were produced, with the signature of the sailor by the name of Malone were not sufficient proof that he was actually on board.

THE COURT was of opinion that the articles are prima facie evidence of the fact, and must be taken as such till the contrary appears.

2. A charge of one day's pay for absence each hour, after that appointed at the foot of the articles for rendering on board, was made by the respondent. It appeared that the sailor (whose having gone by different names, was offered to be proved) was entered in the log-book by the name of Miller, as coming on board two days after that in which the hour for rendering was designated. The libellant's counsel contended,

[1] [Reported by Richard Peters, Jr., Esq.]

that although the act of congress is imperative on the keeper of the log-book, to make an entry of the absence and coming on board of a seaman, yet the fact ought, in addition to the entry, to be proved by other testimony. The copulative "and" shews that it is only part of the proof.

THE COURT was of opinion that the entry in the log-book is made by the act of congress, legal evidence of the time of coming on board, and of the absence occasioning the mulct, on the delinquent seaman, of one day's pay for every hour's omission to render himself on board. He said that it would be highly embarrassing to masters and owners, if this fact required supplementary proof. The compulsion upon the mate, or keeper of the log, to make the entry, was introduced to control the general rule of law, that receiving a seaman on board who had committed an offence, amounts to a release or pardon. This case must be an exception to that general rule: for if the receiving on board is to be construed as a release, the penalty could in no case be exacted. The law would, on that construction, be rendered nugatory. The entry in the log-book is therefore necessary, to shew that no release was intended, as well as to ascertain the fact with greater accuracy. In the case of desertion he said he had always considered the entry in the log-book evidence of the fact; but not conclusive, though indispensably necessary. In this case before me, as well as in that, testimony had been admitted to prove permission to enter on board at an hour or time different from that mentioned at the foot of the articles; and in the other case, leave of absence proved, has controlled the charge of desertion, prima facie proved by the entry. In a penal law strict compliance is required. He thought the entry in the log-book, by the name of Miller, was entitled to further consideration.

3. The captain (who was made a party in the libel, but no process had issued against him) was offered as a witness to prove the facts alleged in the respondent's defence.

THE COURT said that in these cases, he had constantly refused to admit the captain. He is liable for the wages, at the will of the mariner, who has several remedies, though he can have but one satisfaction. Protests had been entered against this opinion; but they had never been prosecuted before the superior court. It was his wish, that the point should be put in a shape, to be determined by the circuit court. The master he conceived was interested in the result; though not immediately. If a decree passes against the seamen in a procedure in rem, or against the owner, it may be given in evidence to repel a suit against the master. The master was rejected as a witness.

The parties in this case compromised, and no final decision was given.